

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHENG FENG | CIVIL ACTION NO. 05-0958 |
| A 96 109 029 | SECTION P |
| VS. | JUDGE JAMES |
| ALBERTO GONZALES, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is Cheng Feng's *pro se* petition for *habeas corpus* (28 U.S.C. § 2241) filed on June 2, 2005. When he filed his petition, petitioner was in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/ICE). He was being detained at the Tensas Parish Detention Center, Waterproof, Louisiana.

## STATEMENT OF THE CASE

Relying on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), petitioner argued that his continued detention was in violation of his constitutional rights. Based upon this allegation, the government was served and in due course filed a response to the petition. In a Motion to Dismiss filed on June 29, 2006, the government alleged (and provided documentary proof in support thereof) that petitioner had in fact been removed to his native country on March 2, 2006. [doc. 11]

## LAW AND ANALYSIS

The undisputed evidence before the court establishes beyond any doubt that the petitioner is no longer in custody. Further, the record before the court establishes that the petitioner has

demanded only his immediate release throughout these proceedings. Therefore, in light of his release, the court concludes that petitioner's *habeas* challenge to post-removal-order detention is now moot and should be dismissed.

Therefore

**IT IS RECOMMENDED** that the Motion to Dismiss [doc. 11] be **GRANTED** and, that the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ____ day of August, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE